**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | |
| **ZACHARY ELLIS,** | Criminal Action No.: 1:25-cr-147 (AJT) |
| *Defendant.* | |

## DEFENDANT'S REPLY BRIEF ON APPEAL

In its Response in Opposition ("Resp."), the Government does not challenge Mr. Ellis's assertion that "willfulness" is an essential element of the crime of which he has been convicted. Nor does the Government contest the fact that it, and not Mr. Ellis, shoulders the burden of proving each element—including willfulness—beyond a reasonable doubt. *See Mullaney v. Wilbur*, 421 U.S. 684, 684-85 (1975) ("[D]ue process require[s] . . . that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged."). The Government likewise has no answer for its failure to explicitly address at trial, let alone prove beyond a reasonable doubt, the *mens rea* requirement set forth in 32 C.F.R. § 234.1. *See generally* May 1, 2025 Trial Transcript (reflecting that the Government did not address the "willfulness" requirement at any point during trial) ("Tr."). Moreover, the Government does not, and cannot, defend the Magistrate Judge's decision to treat the weapons regulation as lacking a scienter requirement. This alone should compel this Court to reverse Mr. Ellis's conviction.

The Government appears to be arguing that, despite its failure to explicitly address the willfulness element, it nonetheless put forth sufficient evidence of Mr. Ellis's *mens rea* to sustain the verdict. For the reasons already provided in Mr. Ellis's Opening Brief ("Opening Br."), and further elucidated below, no reasonable trier of fact could conclude beyond a reasonable doubt

from the evidence adduced at trial that Mr. Ellis willfully violated 32 C.F.R. § 234.10. This Court should overturn Mr. Ellis's conviction and reverse the Magistrate Judge's denial of the renewed Motion for Judgment of Acquittal or remand the case to the Magistrate Judge for a new trial.[1]

### I. Mr. Ellis did not willfully violate § 234.10.

#### A. The *Cheek/Ratzlaf* willfulness standard applies where there is a risk of criminalizing otherwise-innocent conduct.

In its Response, the Government contends that the *Cheek/Ratzlaf* standard should not apply because the Pentagon's regulations are "short and simple" and there is no "otherwise innocent behavior analogous in this case." Resp. at 5. However, the *Cheek/Ratzlaf* standard applies to statutory schemes presenting a danger of criminalizing otherwise innocent behavior, and obscurity or complexity is one reason why a statute could present such a danger. *See Ratzlaf v. United States*, 510 U.S. 135, 144 (1994) (applying heightened willfulness standard because the criminalized behavior "is not inevitably nefarious"); *United States v. Bishop*, 740 F.3d 927, 933 (4th Cir. 2014) (applying intermediate willfulness standard where the danger of "criminalizing otherwise-innocent behavior . . . was plainly absent").

It is clear from the facts adduced at trial that the weapons prohibition in 23 C.F.R. § 234.10 threatens to criminalize otherwise innocent behavior. There is no evidence that Mr. Ellis brought his gun onto the Reservation for some nefarious purpose. To the contrary, the evidence reflects that Mr. Ellis did not intend to go to the Pentagon at all. *See* Tr. 17:17-18:20. The Government's allegation that there "is no 'otherwise innocent behavior' analogous in this case [because] [i]ndividuals carrying weapons may not do so in federal buildings,'" Resp. at 5, misses the mark

---

[1] If this Court agrees with Mr. Ellis that the Government failed to present sufficient evidence of his willfulness at trial, the "only 'just' remedy available . . . is the direction of a judgment of acquittal." *Burks v. United States*, 437 U.S. 1, 17-18 (1978). If the Court views the Government's—and the Magistrate Judge's—failure to explicitly address the statutorily imposed willfulness requirement not as an issue of the sufficiency of the evidence adduced at trial, but as a fundamental error in the proceedings leading to the conviction, then a new trial is the appropriate remedy. *See Burks*, 437 U.S. at 15.

entirely: Mr. Ellis was not carrying his firearm inside the Pentagon, or any other government building. *Id.* Mr. Ellis had his firearm in his father-in-law's car, which he was driving on a public road that briefly passes through the Reservation while on the way to the nearby Costco. *Id.* Based on the facts presented at trial, Mr. Ellis was engaged in "otherwise innocent behavior" at the time of his arrest.

Moreover, the "willfulness" standard at issue comes from a general scienter provision that applies to all conduct prohibited on the Reservation by 32 C.F.R. § 234, including unquestionably "otherwise innocent" conduct like hanging up flyers, taking photos and video recordings, and walking one's pet dog. *See* 32 C.F.R. §§ 234.12, 234.14, 234.15. As the Supreme Court noted in *Ratzlaf*, "[a] term appearing in several places in a statutory text is generally read the same way each time it appears. We have even stronger cause to construe a *single* formulation . . . the same way each time it is called into play." 510 U.S. at 143 (citing *United States v. Aversa*, 984 F.2d 493, 498 (1st Cir. 1993) ("Ascribing various meanings to a single iteration of [willfulness]—reading the word differently for each code section to which it applies—would open Pandora's jar. If courts can render meaning so malleable, the usefulness of a single penalty provision for a group of related code sections will be eviscerated and . . . almost any code section that references a group of other code sections would become susceptible to individuated interpretation."). Thus, this Court must consider the entirety of the Pentagon Reservation regulation when determining the applicable willfulness standard because that standard would apply uniformly to all prohibited conduct, not just the weapons prohibition. In sum, 32 C.F.R. § 234 threatens to criminalize a wide range of "otherwise innocent conduct," so the heightened *Cheek/Ratzlaf* standard should be used to determine whether Mr. Ellis violated the Pentagon Reservation regulation "willfully." For the reasons provided in Mr. Ellis's opening brief, no reasonable trier of fact could conclude beyond a

3

reasonable doubt that Mr. Ellis violated 32 C.F.R. § 234 willfully under the *Cheek/Ratzlaf* standard, and this Court should reverse his conviction and grant Mr. Ellis's renewed Motion for Judgment of Acquittal.

### B. Mr. Ellis's conduct does not meet the *Bryan* standard.

In its response, the Government suggested "Defendant may argue that the route taken is the most convenient . . . [and that] convenience is of the utmost importance, and anyone using federal property to save a few minutes on their route need not comply with any rules or regulations thereon." Resp. at 7. Mr. Ellis, did not, has not, and does not take this position. Mr. Ellis argues simply that the Government presented no evidence at trial from which a reasonable trier of fact could conclude beyond a reasonable doubt that Mr. Ellis entered the Reservation in deliberate disregard of, or with plain indifference toward, the general unlawfulness of his actions. That the sign above the exit that Mr. Ellis took purportedly says "Pentagon" does not mean that Mr. Ellis was adequately warned that, by taking this exit, he would automatically end up on Pentagon property.[2] And the Magistrate Judge did not make any factual finding that Mr. Ellis knew he was going to the Pentagon based on this exit sign. If anything, the Court found the opposite: "it's an unusual setup . . . you are on 395 one minute and you are on the Pentagon reservation the next, and it's – *it's not very clear a lot of the times.*" Tr. 40:7-14 (emphasis added). Thus, even under the *Bryan* willfulness standard, this Court should reverse Mr. Ellis's conviction.

### C. The baseline standard does not apply.

The Government submits that this Court should apply "the baseline standard" of willfulness because the conduct criminalized by the regulation is conduct that "by its nature could not be

---

[2] It should go without saying that just because a destination is listed on an exit sign does not mean that taking the exit will cause the driver to automatically and immediately enter the property listed regardless of whether they intended to or not.

4

participated in innocently." Resp. at 5 (quoting *United States v. Danielczyk*, 917 F. Supp. 2d 573, 576-77(E.D. Va. 2013)). Notwithstanding the fact that the U.S. Court of Appeals for the Fourth Circuit appears to be moving away from the baseline willfulness standard, *see United States v. Bishop*, 740 F.3d 927, 932-33 (4th Cir. 2014) (considering only the *Cheek/Ratzlaf* and *Bryan* willfulness standards), that standard would not apply here for two reasons.

First, as discussed in detail above, much of the conduct covered by the statutory scheme at issue—including the conduct for which Mr. Ellis was convicted—can, by its nature, be participated in innocently. *See Danielczyk*, 917 F. Supp. 2d at 576-77.[3]

Second, and perhaps more importantly, this Court's task is to determine the applicable *mens rea* through close examination of the specific regulation at issue because that "question is ultimately one of statutory interpretation, since 'determining the mental state required for the commission of a federal crime requires. . . inference of the intent of Congress.'" *Bishop*, 740 F.3d at 932 (quoting *Staples v. United States*, 511 U.S. 600, 605 (1994)). The word "willfully" in the general scienter provision modifies "violating," which "indicat[es] that an individual must deliberately and intentionally violate" the specific statutory scheme at issue—*i.e.,* act with knowledge of the existences of that law and an intent to violate or disregard it—in order to be convicted. *Daughtry*, 48 F.3d at 831; *see* 32 C.F.R. § 234.19(a).[4] Thus, consistent with *Daughtry*, the structure of the willfulness requirement in the regulation governing conduct on the Pentagon

---

[3] *Danielczyk* relies on an out-of-circuit case—*United States v. George*, 386 F.3d 383, 390 (2nd Cir. 2004)—for this formulation of the baseline standard and the scope of its applicability. *See Danielczyk*, 917 F. Supp. at 577 (citing *George*, 386 F.3d at 393-394). The U.S. Court of Appeals purportedly endorsed a "baseline" standard in *United State v. Daughtry*, 48 F.3d 829, 831-32 (4th Cir. 1995), *vacated on other grounds* 516 U.S. 984 (1995), *reinstated in relevant* part 91 F.3d 675 (1996).

[4] Although ignorance of the law is generally no excuse, Congress and propounding agencies can, and have, carved out exceptions to that "fundamental canon of criminal law." *See George*, 386 F.3d at 392. For example, as the *Daughtry* court noted, the "willfulness" requirement in the currency structuring statute at issue in *Ratzlaf* carved out such an exception. *Daughtry*, 48 F.3d at 831 (analyzing *Ratzlaf*). The willfulness requirement in the Pentagon Reservation regulation, which is structured just like the scienter provision at issue in *Ratzlaf*, likewise deviates from that "fundamental canon."

Reservation communicates that it was Congress's,[5] and the propounding agency's, intent to require a heightened willfulness standard consistent with that set forth in *Cheek/Ratzlaf*. *Id.* In sum, the baseline standard does not apply to 32 C.F.R. § 234, and this Court should overturn Mr. Ellis's conviction.

## II. The Government misrepresents Mr. Ellis's arguments regarding the sufficiency of the evidence.

In the final section of its Response, the Government describes several "conclusions" regarding the sufficiency of the evidence about which Mr. Ellis is allegedly mistaken. First, the Government avers that Mr. Ellis is "once again raising a notice requirement that simply does not exist." Resp. at 8. But Mr. Ellis is not raising a notice requirement. Rather, Mr. Ellis is asking this Court to hold the Government to its burden of proving *each element of the crime beyond a reasonable doubt.* One of those elements—as the Government has conceded—is willfulness. And the fact that some of the evidence relevant to a willfulness inquiry could overlap with evidence that would be relevant to prove compliance with a notice requirement does not render Mr. Ellis's arguments regarding the statutorily imposed *mens rea* irrelevant.

Second, the Government asserts that Mr. Ellis is "mistaken" in arguing that he would be unable to avoid the Pentagon Reservation once "the sign" was in sight because the "exit sign" clearly says "Pentagon." Resp. at 8. That confuses the various signs at issue in this case. Mr. Ellis contends that he could not have avoided entering the Reservation once the boundary sign—the only sign in this case which clearly warned Mr. Ellis that he was about to enter the property—was in sight. Opening Br. at 11 ("Mr. Ellis had no opportunity to avoid violating 32 C.F.R. § 234.10 once *he viewed the boundary sign.*" (emphasis added)). Thus, the Government's reliance on the exit sign as sufficient evidence that Mr. Ellis's actions were willful is misplaced.

---

5    The word "willfully" likewise modifies "violates" in the enabling statute. *See* 10 U.S.C. §§ 2674(c)(3).

## **CONCLUSION**

For the foregoing reasons, Zachary Ellis respectfully requests that this Court overturn his conviction and reverse the Magistrate Judge's denial of the renewed Motion for Judgment of Acquittal. In the alternative, Mr. Ellis respectfully requests that this Court remand the case to the Magistrate Judge for a new trial.

Respectfully submitted,

Dated: July 31, 2025

/s/_____
Cailyn Reilly Knapp (VA Bar No. 86007)
Virginia Fergusson (*pro have vice* pending)
BAKER BOTTS L.L.P
700 K. Street N.W.
Washington, DC 20001
Tel: (202) 639-7753
Fax: (202) 585-4070
Email: cailyn.reilly.knapp@bakerbotts.com
Email: virginia.fergusson@bakerbotts.com

Brooke S. Rupert, 79729
Assistant Federal Public Defender
Officer of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
Tel: (703) 600-0849
Fax: (703) 600-0880
Email: Brooke_Rupert@fd.org

*Counsel for Defendant*